In re: Hector L. **HUERTAS**, Petitioner.

No. 09–2988.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Aug. 31, 2009.

Opinion filed: Sept. 15, 2009.

---

Hector L. Huertas, Camden, NJ, pro se.

William T. Walsh, Camden, NJ, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Hector Huertas, proceeding *pro se*, has filed a petition for a writ of mandamus challenging the procedure of the United States District Court for the District of New Jersey for issuing subpoenas. We will deny the mandamus petition.

Huertas is the plaintiff in five civil actions pending in District Court. Huertas states that he sought subpoenas in connection with these lawsuits and that the Clerk's Office required that he complete the captions on the forms before the court would issue the subpoenas. Huertas asserts that, under Federal Rule of Civil Procedure 45(a)(3), the Clerk's Office should have issued the subpoenas in blank form. Huertas contends that the District Court's internal procedure results in the unnecessary delay of discovery. He asks this Court to set aside the procedure.

The writ of mandamus traditionally has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *In re Patenaude*, 210 F.3d 135, 140 (3d Cir.2000) (citations omitted). The writ is a drastic remedy that is seldom issued and its use is discouraged. *Id.* A petitioner must show

---

that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. *Id.* at 141.

Applying these standards, Huertas is not entitled to mandamus relief. Huertas has not sought any relief in the District Court based on that Court's alleged internal procedures.[1] Because Huertas has other means to attain the desired relief, mandamus relief is unwarranted. *See id.* (stating that where there are practical avenues for seeking relief that are untried, a mandamus petition will ordinarily be denied).

Accordingly, we will deny the petition for a writ of mandamus.

---

1. The District Court dockets for the five cases in which Huertas seeks subpoenas reflect that on July 7 and 8, 2009, he filed requests to the Clerk to issue signed subpoenas. He has not moved the District Court for any relief in connection with these requests.